IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEDRICK DETRAY TUBBS, | ) | |
| ID # 821061, | ) | |
|     Petitioner, | ) | |
| v. | ) | No. 3:03-CV-2705-G |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On January 6, 1998, the State indicted petitioner for two counts of aggravated robbery with a deadly weapon in Cause Nos. F98-30915 and F98-30924. (S.H. Tr. I[1] at

---

[1] "S.H. Tr. I" denotes the state habeas records attached to *Ex parte Tubbs*, No. 54,980-01, slip op. (Tex. Crim. App. Apr. 2, 2003).

23; S.H. Tr. II$^2$ at 24.)  On March 23, 1998, upon a plea of guilty by petitioner, the trial court sentenced him to confinement for twenty years on each count.  (S.H. Tr. I at 26; S.H. Tr. II at 27.)  The trial court subsequently granted petitioner a new trial.  (S.H. Tr. I at 25; S.H. Tr. II at 26.)  On May 6, 1998, petitioner again entered an open guilty plea to the charges, and the trial court deferred a finding of guilt and sentenced him to community supervision.  (S.H. Tr. I at 30; S.H. Tr. II at 31.)  On August 3, 2001, the trial court revoked petitioner's community supervision, adjudicated him guilty of the offenses, and sentenced him to confinement for thirty years on each count, with the sentences to be served concurrently.  (S.H. Tr. I at 37; S.H. Tr. II at 38.)

For each conviction, petitioner filed a notice of appeal on October 3, 2001 and a motion for new trial on October 9, 2001.  (TR I$^3$ at 36-37; TR II$^4$ at 36-37.)  The trial court denied the motions for new trial.  (TR I at 36; TR II at 36.)  On January 17, 2002, petitioner moved to withdraw his appeals because they were untimely.  *See* Mot. Dismiss Appeal for Want of Juris., *Tubbs v. State*, Nos. 5-01-1627-CR, 5-01-1628-CR (Tex. App. – Dallas) (copy located in state-court records provided to the Court).  The court of appeals granted the motion and dismissed the appeals.  *Tubbs v. State*, Nos. 5-01-1627-CR, 5-01-1628-CR, 2002 WL 92906, at *1 (Tex. App. – Dallas Jan. 25, 2002, no pet.) (not designated for publication).  Petitioner filed no petition for discretionary review.

On February 21, 2002, petitioner filed state applications for writ of habeas corpus to challenge each of his aggravated-robbery convictions.  (S.H. Tr. I at 2; S.H. Tr. II at 2.)  On April

---

[2] "S.H. Tr. II" denotes the state habeas records attached to *Ex parte Tubbs*, No. 54,980-02, slip op. (Tex. Crim. App. Apr. 2, 2003).

[3]  "TR I" refers to the state trial record in Cause No. F98-30915.

[4] "TR II" refers to the state trial record in Cause No. F98-30924.

2, 2003, the Texas Court of Criminal Appeals denied both applications without written order on the findings of the trial court. *See Ex parte Tubbs*, No. 54,980-01, slip op. at 1 (Tex. Crim. App. Apr. 2, 2003) (not designated for publication); *Ex parte Tubbs*, No. 54,980-02, slip op. at 1 (Tex. Crim. App. Apr. 2, 2003) (not designated for publication).

Petitioner commenced this action to challenge his aggravated-robbery convictions[5] by filing an unsigned federal petition with memorandum in support on October 31, 2003.[6] On December 10, 2003, the Court received a signed petition with supporting memorandum.

**D. Substantive Issue:** Petitioner argues that he was denied his right to appeal by ineffective assistance of appellate counsel.

**E. Procedural Issues:** Respondent indicates that petitioner has sufficiently exhausted available state remedies on the issue presented and, thus, does not move for dismissal on this ground. Instead, respondent asserts that the petition for writ of habeas corpus is barred by the statute of limitations.

---

[5] Petitioner initially purports to challenge convictions for possession of controlled substances. (*See* Pet. at 2.) His sole claim, however, concerns his aggravated-robbery convictions and the revocation of probation related to those cases. (*See id.* at 7.) Respondent construed the instant action as a challenge to the aggravated-robbery convictions. (*See* Answer at 3 n5.) Although petitioner could have contested that construction by filing a reply brief, (*see* Order to Show Cause), he filed no such brief, and has thus voiced no objection to construing this action as a challenge to his convictions for aggravated robbery. Furthermore, Respondent noted that a challenge to petitioner's drug convictions would be subject to dismissal for petitioner's failure to exhaust state remedies. For all of these reasons, the Court construes the instant action as a challenge against the aggravated-robbery convictions.

[6] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam). The record does not reflect when petitioner tendered his petition to the prison authorities for mailing, but it was "filed" sometime between October 31, 2003, when he signed the memorandum in support of his contemporaneously filed petition, and November 6, 2003, when this Court received it. *See id.* For purposes of these findings, the Court uses the earlier date as the date of filing.

3

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner filed no timely motion for new trial after the trial court entered judgment and sentenced him,[7] and he did not file a notice of appeal until more than thirty days after the date his sentences were imposed. Thus, his appeals were not timely filed. TEX. R. APP. P. 26.2(a). An untimely appeal fails to maintain "direct review" and does not operate to delay the start of limitations. *See Foreman v. Dretke*, 383 F.3d 336, 341 (5th Cir. 2004) (holding that the sole question with respect to determining direct review for limitations purposes is "whether [petitioner] filed a timely appeal in the state court system"); *Zinsou v. Dretke*, No. 4:04-CV-556-A, 2004 WL 2165378, at *2 (N.D. Tex. Sept. 24, 2004), *adopted by* 2004 WL 2381243 (N.D. Tex. Oct. 22, 2004); *Lavarry v. Johnson*, No. 3:00-CV-2449-G, 2001 WL 376335, at *2 (N.D. Tex. Apr. 12, 2001), *adopted by* 2001 WL 484426 (N.D. Tex. May 2, 2001). Consequently, for purposes of § 2244(d)(1)(A), petitioner's state convictions became final thirty days after his probation was revoked and the trial court sentenced him. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant was sentenced and failed to file an appeal). Petitioner's state judgments of conviction became final on September 2, 2001, the date his notice of appeal was due.

With regard to subparagraph (D), the Court determines that the facts supporting the claim raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on September 2, 2001. Petitioner knew the factual predicate of his claim of ineffective assistance of appellate counsel prior to that date. (*See* Answer to Question 4 of Magistrate Judge's Questionnaire (showing that petitioner's

---

[7] Petitioner filed his new trial motions sixty-seven days after the trial court imposed his sentences, which is well outside the thirty-day limit provided for in the Texas appellate rules. *See* TEX. R. APP. P. 21.4(a).

5

appellate attorney informed him about the lack of appeal "almost a month after [petitioner] was sentenced" so petitioner submitted a "Notice of Appeal on September 2, 2001").)[8]

Because petitioner filed his federal petition more than one year after September 2, 2001, a literal application of § 2244(d)(1) renders his October 31, 2003 federal filing in this case untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petitions on February 21, 2002, 172 days had elapsed since September 2, 2001, the date AEDPA clock began to run. The filing of his state petitions tolled the statute of limitations until the Texas Court of Criminal Appeals denied them on April 2, 2003. *See* 28 U.S.C. § 2244(d)(2). The AEDPA clock began to run again on April 3, 2003, and petitioner's one-year time period for filing a federal petition expired on October 13, 2003, more than two weeks before petitioner filed the petition in this Court on October 31, 2003. His federal filing therefore falls outside the statutory period and should be deemed untimely in the absence of equitable tolling.

---

[8] Although petitioner indicates in his answers to the Magistrate Judge's Questionnaire that he submitted a Notice of Appeal on September 2, 2001, the state records show no such filing until October 2001.

6

Petitioner provides no basis for equitable tolling, and there is nothing in the record to indicate entitlement to such tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling in rare and exceptional circumstances). A petitioner must diligently pursue habeas relief to be entitled to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). In this instance, petitioner did not exercise sufficient diligence to warrant equitable tolling. He waited almost six months after his convictions became final before filing his state habeas applications; once the applications were denied, he waited almost seven months before filing his federal habeas corpus petition. These unexplained delays mitigate against the application of equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (per curiam).

Because petitioner filed the instant federal petition outside the applicable one-year period of limitations and because petitioner is not entitled to equitable tolling, the October 31, 2003 filing should be deemed untimely.

### IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 7th day of June, 2005.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTION FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties. Under 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file such written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```